UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PATRICK A. WHITE,

    *Plaintiff,*

v.

CHRISTOPHER CHINN,

and

U.S. FOODS, INC.,

    *Defendants.*

Case No.: 2:23-cv-00543
[formerly in the Circuit Court for the City of Norfolk, Virginia
Case No. CL23012146-00]

## NOTICE OF REMOVAL

Defendants, CHRISTOPHER CHINN and U.S. FOODS, INC., hereby remove Case No. CL23012146-00 from the Circuit Court for the City of Norfolk, Virginia, to the United States District Court for the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for her removal states as follows:

### STATEMENT OF CASE

1. On October 3, 2023, the Plaintiff filed a Complaint styled, <u>Patrick A. White v. Chritopher Chinn and U.S. Foods, Inc.</u>, Case No. CL23012146-00 in the Circuit Court for the City of Norfolk, Virginia (the "State Court Action"). A copy of the Complaint is attached as Exhibit "A" hereto.

2. The Plaintiff requested service of the Compliant through a private process server on Mr. Chinn and the registered agent for U.S. Foods, Inc.

3. Counsel for the Defendant filed an Answer in Norfolk Circuit Court on October 27, 2023. See Exhibit "B" attached hereto.

4. The Complaint asserts a cause of action for personal injury.

5. The Complaint seeks damages in the amount of SEVENTEEN MILLION and 00/100 Dollars ($17,000,000.00).

### **DIVERSITY JURISDCTION PURSUANT TO 28 U.S.C. § 1332(a)**

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff, PATRICK A. WHITE, and Defendants, CHRISTOPHER CHINN and U.S. FOODS, INC, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. The Plaintiff, PATRICK A. WHITE alleges that he is a resident of the State of Virginia and that her primary residence is in Poquoson, Virginia.

8. The Defendant, CHRISTOPHER CHINN, is a resident of the State of North Carolina whose address is 206 Victory Way, Jacksonville, North Carolina, 28540.

9. The Defendant, U.S. FOODS, INC. is a stock corporation incorporated in Delaware, US. U.S. FOODS, INC. with a principal place of business in 9399 W. Higgins Road, Building 100, Rosemont, Illinois, 60018. The registered agent for U.S. FOODS, INC. is Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, Virginia, 23219.

10. U.S. FOODS, INC. is a corporation authorized to conduct business in the Commonwealth of Virginia.

## CONCLUSION/ EFFECT OF NOTICE

The Defendants, CHRISTOPHER CHINN and U.S. FOODS, INC., do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to the pending action by the filing of this Notice, nor do they intend any admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

By_____/s/_____
Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
Attorney for CHRISTOPHER CHINN and
U.S. FOODS, INC.
**FRAIM & FIORELLA, P.C.**
150 Boush Street, Suite 601
Norfolk, Virginia 23510
Telephone: (757) 227-5900
Facsimile: (757) 227-5901
tfiorella@ff-legal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Adam H. Lotkin, Esq.
**RUTTER MILLS, L.L.P.**
160 W. Brambleton Ave.
Norfolk VA 23510
(757) 622-5000
(757) 623-9189
alotkin@ruttermills.com

                                            /s/
                                      Todd M. Fiorella, Esquire
                                      Virginia State Bar No. 30238
                                      Attorney for CHRISTOPHER CHINN and
                                      U.S. FOODS, INC.
                                      **FRAIM & FIORELLA, P.C.**
                                      150 Boush Street, Suite 601
                                      Norfolk, Virginia 23510
                                      Telephone: (757) 227-5900
                                      Facsimile: (757) 227-5901
                                      tfiorella@ff-legal.com

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

PATRICK A. WHITE,

    Plaintiff,

v.                                                        CIVIL CASE NO: _____

CHRISTOPHER C. CHINN AND
US FOODS, INC.,

    Defendants.                       **PLAINTIFF DEMANDS A**
                                                          **TRIAL BY JURY**

**SERVE:**    **Christopher C. Chinn**
                  **206 Victory Way**
                  **Jacksonville, NC, 28540**

**SERVE:**    **US FOODS, Inc.**
                  **c/o CORPORATION SERVICE COMPANY**
                  **100 Shockoe Slip, Fl 2**
                  **Richmond, VA, 23219 – 4100**

## COMPLAINT

TAKE NOTICE that the undersigned hereby moves the Circuit Court of the City of Norfolk, at the courthouse thereof, for a judgment and award against you for a sum in the amount of SEVENTEEN MILLION DOLLARS /00 ($17,000,000.00), together with interest and costs, including prejudgment interest from the date of injury and post judgment interest on the following grounds:

1.       That on or about April 05, 2022, Plaintiff was a driver of a motor vehicle on Interstate-64 near the exit ramp for the Interstate-264 East interchange, in the City of Norfolk.



2. That at the aforesaid time and place, Defendant, Christopher C. Chinn, operated a motor vehicle owned by Defendant US FOODS within the course and scope of his employment and/or agency with the Defendant, US Foods, for and on behalf of the Defendant, US FOODS.

3. That US FOODS is a business entity which routinely operates and conducts its business in Norfolk, Virginia and the greater Tidewater region, operating on Virginia roads and highways, having a substantial connection to Norfolk, Virginia.

4. That Christopher C. Chinn, the defendant driver, routinely operates in Norfolk, Virginia, the greater Tidewater region, and within the Commonwealth of Virginia while conducting business on behalf of US FOODS, having a substantial connection to Norfolk, Virginia.

5. That the tractor-trailer operated by Defendant, Christopher C. Chinn, was registered to TRANS-PORTE, INC., a subsidiary carrier company owned and operated by US FOODS.

3. That at the aforesaid time and place the Defendant, Christopher C. Chinn, had a duty to operate the vehicle in a safe, reasonable, and lawful manner. Despite this duty, Defendant, Christopher C. Chinn, operated the vehicle he was driving in a negligent, grossly negligent, willful and wanton, careless, reckless, and/or in disregard for the rights of others, including, but not limited to Plaintiff.

4. US FOODS is directly and/or vicariously liable for all wrongful acts or omissions of Christopher C. Chinn, its employee and agent, at all relevant times herein.

5. US FOODS is directly liable for failing to adequately train its employee and agent, Christopher C. Chinn, of the contents of the Virginia Commercial Drivers Manual and the driving laws of the Commonwealth of Virginia.

6. US FOODS is directly liable for failing to supervise and monitor its employee and agent, Christopher C. Chinn.

7. As a direct and proximate result of Defendant Christopher C. Chinn's negligence and recklessness, the vehicle this defendant was operating, owned by and in the scope of his employment with US FOODS, Christopher C. Chinn's vehicle collided with Plaintiff's vehicle, pushing plaintiff's vehicle into Interstate-64 traffic, ongoing travel lane, to the Defendant's left, where Plaintiff was again violently struck and further injured.

8. As a direct and proximate result of the Defendants' negligence, gross negligence and recklessness, Plaintiff was seriously and may be permanently injured.

9. That the injuries to Plaintiff and the shock resulting from the accident have caused past, present, and may cause future pain and suffering, both mental and physical, and the injuries have required Plaintiff to expend sums of money for past, present, and future medical care.

10. The aforesaid injuries disabled Plaintiff from certain activities associated with his person and station in life.

11. Plaintiff has also been caused to lose time from work and engaging in any productive occupation and has suffered and may continue to suffer loss of earnings and wages and loss of earning capacity.

12.   Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants in the sum of SEVENTEEN MILLION DOLLARS /00 ($17,000,000.00), together with interest and costs, including prejudgment interest from the date of injury and post judgment interest.

PATRICK A. WHITE

By _____
Of Counsel

Adam H. Lotkin, Esquire (VSB No. 45588)
RUTTER MILLS, L.L.P.
160 W. Brambleton Avenue
Norfolk, Virginia 23510
(757) 777-7777
(757) 623-9189 Fax
alotkin@ruttermills.com
*Attorney for Plaintiff*

*VIRGINIA:*

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

PATRICK A. WHITE,

    *Plaintiff,*

v.

CHRISTOPHER CHINN,

and

U.S. FOODS, INC.,

    *Defendants.*

LAW NO: CL23012146-00

DEMAND FOR TRIAL BY JURY

## ANSWER

*Now Comes* the undersigned Defendant, CHRISTOPHER CHINN, by counsel, and provides the following Answer to the Complaint herein:

1. This Defendant admits the allegations contained in Paragraph 1 of the Complaint on information and belief only.

2. This Defendant admits the allegations contained in Paragraph 1 of the Complaint.

3. This Defendant admits on information and belief only that US Foods, Inc. is a business entity which routinely operates and conducts its business in Norfolk, Virgina, and on Virginia roads and highways. This Defendant has no direct knowledge of the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies same and demands strict proof thereof.



EXHIBIT B

4. This Defendant admits that he routinely operates a vehicle in Norfolk, Virigina, and on Virginia roads and highways. This Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. This Defendant admits that he operated the tractor-trailer described in this lawsuit. This Defendant has no direct knowledge of the remaining allegations contained in Paragraph 5 of the Complaint and therefore denies same and demands strict proof thereof.

6. The allegations contained in Paragraph 3 (sic) of the Complaint are conclusions of law and require no response.

7. This Defendant denies each and every allegation contained in Paragraph 4 (sic) of the Complaint.

8. This Defendant denies each and every allegation contained in Paragraph 5 (sic) of the Complaint.

9. This Defendant denies each and every allegation contained in Paragraph 6 (sic) of the Complaint.

10. This Defendant denies each and every allegation contained in Paragraph 7 (sic) of the Complaint.

11. This Defendant has no direct knowledge of the allegations contained in Paragraph 8 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

12. This Defendant has no direct knowledge of the allegations contained in Paragraph 9 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

13. This Defendant has no direct knowledge of the allegations contained in Paragraph 10 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

14. This Defendant has no direct knowledge of the allegations contained in Paragraph 11 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

15. Paragraph 12 of the Complaint is a request for a jury and requires no response.

## ADDITIONAL DEFENSES

16. This Defendant denies that Plaintiff is entitled to the relief requested in the WHEREFORE paragraph following paragraph 12 (sic) of the Complaint.

17. To the extent not previously addressed herein, this Defendant denies each and every material allegation contained in the Complaint.

18. To the extent supported by the law and evidence, this Defendant will rely upon the defense of contributory negligence.

19. To the extent supported by the law and evidence, this Defendant will rely upon the defense of assumption of the risk.

20. This Defendant does not know the extent of the alleged injuries and demands strict proof thereof.

21. This defendant reserves the right to rely upon any other defenses that may become known to the defendant up to and including trial and to amend or alter this Answer at any time the defendant may be so advised.

## DEMAND FOR TRIAL BY JURY

22. This defendant demands a trial by jury.

CHRISTOPHER CHINN

By _____
Of Counsel

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
**FRAIM & FIORELLA, P.C.**
Town Point Center, Suite 601
150 Boush Street
Norfolk, VA 23510
(757) 227-5900 Office
(757) 227-5901 Facsimile
tfiorella@ff-legal.com

## CERTIFICATE OF SERVICE

I, Todd M. Fiorella, Esquire, hereby certify that a true copy of the foregoing **Answer** was sent to all counsel via electronic and US Mail on this 27th day of October, 2023, addressed as follows:

Adam H. Lotkin, Esquire
**RUTTER MILLS**
160 W. Brambleton Avenue
Norfolk, Virginia 23510
(757) 622-5000
(757) 623-9189
alotkin@ruttermills.com

_____

*VIRGINIA:*

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

PATRICK A. WHITE,

*Plaintiff,*

v.

CHRISTOPHER CHINN,

and

U.S. FOODS, INC.,

*Defendants.*

LAW NO: CL23012146-00

DEMAND FOR TRIAL BY JURY

## ANSWER

*Now Comes* the undersigned Defendant, U.S. FOODS, INC., by counsel, and provides the following Answer to the Complaint herein:

1. This Defendant admits the allegations contained in Paragraph 1 of the Complaint on information and belief only.

2. This Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. This Defendant admits that it is a business entity which routinely operates and conducts its business in Norfolk, Virginia, and on Virginia roads and highways. This Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. This Defendant admits that Christopher Chinn routinely operates a vehicle in Norfolk, Virigina, and on Virginia roads and highways. This Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. This Defendant admits that the tractor-trailer described involved in the accident was being operated by Defendant Christopher Chinn. This Defendant admits that the tractor- was registered to Trans-Porte, Inc. This defendant admits that Trans-Porte, Inc. is a subsidiary entity of an entity affiliated with US Foods, Inc., but is not a subsidiary of US Foods, Inc. itself. This Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 3 (sic) of the Complaint are conclusions of law and require no response.

7. This Defendant denies each and every allegation contained in Paragraph 4 (sic) of the Complaint.

8. This Defendant denies each and every allegation contained in Paragraph 5 (sic) of the Complaint.

9. This Defendant denies each and every allegation contained in Paragraph 6 (sic) of the Complaint.

10. This Defendant denies each and every allegation contained in Paragraph 7 (sic) of the Complaint.

11. This Defendant has no direct knowledge of the allegations contained in Paragraph 8 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

12. This Defendant has no direct knowledge of the allegations contained in Paragraph 9 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

13. This Defendant has no direct knowledge of the allegations contained in Paragraph 10 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

14. This Defendant has no direct knowledge of the allegations contained in Paragraph 11 (sic) of the Complaint and therefore denies same and demands strict proof thereof.

15. Paragraph 12 of the Complaint is a request for a jury and requires no response.

## ADDITIONAL DEFENSES

16. This Defendant denies that Plaintiff is entitled to the relief requested in the WHEREFORE paragraph following paragraph 12 (sic) of the Complaint.

17. To the extent not previously addressed herein, this Defendant denies each and every material allegation contained in the Complaint.

18. To the extent supported by the law and evidence, this Defendant will rely upon the defense of contributory negligence.

19. To the extent supported by the law and evidence, this Defendant will rely upon the defense of assumption of the risk.

20. This Defendant does not know the extent of the alleged injuries and demands strict proof thereof.

21. This defendant reserves the right to rely upon any other defenses that may become known to the defendant up to and including trial and to amend or alter this Answer at any time the defendant may be so advised.

## DEMAND FOR TRIAL BY JURY

22. This defendant demands a trial by jury.

U.S. FOODS, INC.

By _____
Of Counsel

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
**FRAIM & FIORELLA, P.C.**
Town Point Center, Suite 601
150 Boush Street
Norfolk, VA 23510
(757) 227-5900 Office
(757) 227-5901 Facsimile
tfiorella@ff-legal.com

### CERTIFICATE OF SERVICE

I, Todd M. Fiorella, Esquire, hereby certify that a true copy of the foregoing **Answer** was sent to all counsel via electronic and US Mail on this 27th day of October, 2023, addressed as follows:

Adam H. Lotkin, Esquire
**RUTTER MILLS**
160 W. Brambleton Avenue
Norfolk, Virginia 23510
(757) 622-5000
(757) 623-9189
alotkin@ruttermills.com